IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

DYLON HOWARD

Magistrate No. 26-1127

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT AND ARREST WARRANT

I, Ryan P. O'Sullivan, being first duly sworn, hereby depose and state as follows:

1.      I am a Special Agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), assigned to the Pittsburgh Field Office, Group II. I have been employed as an ATF Special Agent since September of 2015. While at the ATF National Academy, I received extensive training in investigating federal firearms, arson, explosives and narcotics related violations, conducting surveillance, establishing probable cause, and executing search and arrest warrants.

2.      As an ATF Special Agent, I am an "Investigative or Law Enforcement Officer" of the United States within the meaning of Title 18, United States Code Section 2510(7); that is, I am an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516.

3.      As an ATF Special Agent, I am responsible for enforcing Federal criminal statutes and am authorized to serve arrest and search warrants under the authority of the United States. I have participated in numerous federal and state search warrants related to firearms, arson, explosives and narcotics violations, and I have assisted in the writing of affidavits to this effect.

4.      I have participated in criminal investigations with ATF as well as other federal, state and local law enforcement agencies relating to violations of various federal laws. I have been involved in firearms related arrests and the execution of search warrants and arrest warrants, which

1

resulted in the seizure of firearms and has assisted in the supervision of activities of confidential informants who provided information and assistance resulting in controlled purchases of firearms.

5.      The following allegations are based upon your affiant's personal observations, training and experience, along with information obtained from other agents, law enforcement personnel, and witnesses.  This affidavit is submitted for the limited purpose of establishing probable cause. Accordingly, it does not include every fact known to me in connection with this investigation.

6.      For the reasons set forth below, there is probable cause to believe that, on or about July 14, 2026, in the Western District of Pennsylvania, Dylon HOWARD, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, to wit: Possession with Intent to Distribute a Controlled Substance, knowingly possessed, in and affecting interstate commerce, a firearm to wit: **Glock pistol, model 21 gen 4, caliber .45 AUTO, SN: AGWG373**, and ammunition, in violation of Title 18, U.S.C. § 922(g)(1).

#### **PROBABLE CAUSE**

7.      On Monday, July 13, 2026, I applied for and was granted federal search warrant 26-1110, which authorized the search of the premises at 231 N Hamilton Avenue, Unit 2, Greensburg, PA 15601, which is the lefthand side of a duplex.

8.      On Tuesday, July 14, 2026, shortly after 6:00am, this federal search warrant was executed.  Law enforcement encountered HOWARD, as well as his sister inside the residence.

9.      During the search of this location, law enforcement identified a room upstairs that was located to the right of the bathroom and was set up as a "gaming room" with desks and a computer monitor, as well as a mattress on the floor.  The desk had a chair beside it.  On the chair, law enforcement located a black **Glock pistol, model 21 gen 4, caliber .45 AUTO, SN:**

2

**AGWG373**, equipped with a light/laser attachment, and loaded with an extended magazine. A Pennsylvania Medical Marijuana identification card for HOWARD, depicting both his name and picture, were located on the desk beside this firearm.  In this same room, law enforcement also located a **SCCY pistol, model CPX2, caliber 9mm, SN: 426590** in a clothing basket in the closet mixed in with various clothing items. Also in the same room, law enforcement found a **Glock pistol, model 23, caliber .40 S&W, SN: YHU088** with an orange trigger in a separate clothing basket on the floor behind the door.

10.     In the same laundry basket behind the door in this "gaming room," law enforcement located a bag containing multiple individual "Glock switches" in various colors. "Glock switches" are Machine Gun Conversion Devices (MCD's) and are illegal under Title 18, U.S.C. § 922(o). The sole purpose of a "Glock switch" is to convert a semiautomatic Glock pistol to be able to fire in a fully automatic capacity.

11.     Law enforcement located a second room upstairs in this residence, which was set up as a bedroom, which during a voluntary discussion with law enforcement, HOWARD's sister advised belonged to her.  HOWARD's sister advised that she owns a Glock pistol, model 26 and a Glock pistol, model 45.

12.     During the search of the residence, law enforcement located two firearms underneath the bed in the sister's room, which are described as a black **Glock pistol, model 26, 9mm, SN: AACN811 loaded with a black drum magazine**, and a black **AR-style Radical firearms pistol, model RF15, caliber 5.56, SN: 21083187** with a pink magazine with a rainbow sprinkles pattern on it.

13.     During the voluntary interview, HOWARD's sister stated that the room set up as a "gaming room" was where HOWARD stays and sleeps.  HOWARD's sister further stated that the

Glock pistol, model 45 located in the "gaming room" belonged to her, however she kept it under her bed.

14.     Upon learning that this firearm was located in the "gaming room" where HOWARD stayed, she advised that she did not know how it got there.  She also advised that she did not keep this firearm locked up and that HOWARD did have access to it.

15.     Furthermore, upon viewing the two firearms found in the sister's bedroom under her bed, she denied knowledge of both of them. Additionally, she stated that she has previously seen HOWARD bring the pink magazine with the rainbow sprinkles pattern into this house.

16.     Additionally, as part of my investigation, on or about Sunday, July 5, 2026, at approximately 3:36pm, I viewed a social media post that was posted approximately 30 minutes prior to me viewing it.  One of the photos contained within the post included a photo of HOWARD and another male together in what appears to be a different residence which is related to this investigation. In this photo, HOWARD is holding a **black Glock pistol loaded with a drum magazine in one hand**, which appears to be the same firearm found under his sister's bed, which she denied knowledge of.

17.     In HOWARD's other hand, he is seen holding a **back Glock pistol with an extended magazine and light/laser attachment**, which appears to be the same firearm found on the chair in the "gaming room" where HOWARD stays and sleeps.

18.     Also in this picture, there is an AR-style pistol on the floor between HOWARD and the other male loaded with a pink magazine with a rainbow sprinkles pattern on it.  This distinct firearm has also been observed in HOWARD's possession in previous social media posts as well.

4

**INTERSTATE NEXUS**

19.     I know through training and experience, as well as consulting with Special Agent Robert McGlennon, who is an ATF interstate nexus expert, that Glock and Radical Arms do not manufacture firearms in the Commonwealth of Pennsylvania, and therefore, the firearms found in the "gaming room" and underneath the sister's bed traveled in and affect interstate commerce prior to recovery on this date.

**CRIMINAL HISTORY**

20.     As part of this investigation, I have reviewed HOWARD's criminal history. HOWARD is 20 years old.  As a juvenile, he appears to have had one arrest involving a firearm. As an adult, he has one additional arrest involving a firearm and endangering the welfare of a child.

21.     Additionally, on or about November 27, 2024, in the Westmoreland County Court of Common Pleas, under docket number CP-65-CR-0002540-2024 (OTN: D10054446), HOWARD was convicted of violating two counts of (F) possession with intent to distribute a controlled substance and was sentenced to 12 months of confinement and three years of probation. Accordingly, HOWARD is prohibited from lawfully possessing firearms and/or ammunition under Title 18, U.S.C. § 922(g)(1). Further, given his sentence, and the maximum term of imprisonment, HOWARD was aware that he was a felon and prohibited from possessing a firearm.

**CONCLUSION**

22.     Based upon the above information, your affiant submits that there is probable cause to believe that, on or about July 14, 2026, in the Western District of Pennsylvania, Dylon HOWARD, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed, in and affecting interstate commerce, a firearm and ammunition, in violation of Title 18, U.S.C. § 922(g)(1).

5

The above information is true and correct to the best of my knowledge, information and belief.

Respectfully submitted,

*/s/ Ryan P. O'Sullivan*
RYAN P. O'SULLIVAN
ATF Special Agent

Sworn and subscribed before me, by telephone
pursuant to Fed. R. Crim. P. 4.1(b)(2)(A)
this 14th day of July, 2026.

_____
HONORABLE MAUREEN P. KELLY
United States Magistrate Judge

6